# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number __18L0136__

Amount Claimed __Excess of $50,000__

| JOAN RODNEY | VS | ALLEGIANT AIR, LLC and AIRPORT TERMINAL SERVICES, INC. |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

Classification Prefix __L__  Code __02__   Nature of Action __Tort__  Code __02__

Pltf. Atty. __Robert P. Marcus__  Code _____
Address __1331 Park Plaza Drive, Suite 2__
City __O'Fallon, IL 62269__  Phone __622-3600__
Add. Pltf. Atty. _____  Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME __Allegiant Air, LLC__
     __c/o Corporation Service Company__
ADDRESS __801 Adlai Stevenson Drive__

## SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE __Springfield, IL 62703__

[ ] A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[✓] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 2/28/2018 20___

SEAL

Clerk of Court
BY DEPUTY: NATASHA HIBBLER

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
|  |  |
|  |  |
|  |  |

(b) – (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(c) – (Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(d) – (Other service):

SHERIFF'S FEES

Service and return _____ $
Miles _____ $_____
Total _____ $_____

Sheriff of _____ County

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
NATASHA HIBBLER
18L0136
St. Clair County
2/26/2018 2:39 PM
616755

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JOAN RODNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 18-L-0136 |
| ) | |
| ALLEGIANT AIR, LLC and AIRPORT ) | |
| TERMINAL SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, JOAN RODNEY, by and through her attorneys, KUJAWSKI MARCUS, LLC, and for her cause of action against the Defendants, ALLEGIANT AIR, LLC, and AIRPORT TERMINAL SERVICES, INC., respectfully states as follows:

### General Allegations

1. That Plaintiff, JOAN RODNEY, was and is a resident and citizen of Madison County, State of Illinois.

2. That Defendant, ALLEGIANT AIR, LLC, was and is a foreign limited liability corporation in the state of Nevada, with its principal place of business in Las Vegas, Nevada.

3. That Defendant, ALLEGIANT AIR, LLC, as a Common Carrier, operates flights, ticketing, and passenger boarding and alighting services at MidAmerica St. Louis Airport, 9656 Air Terminal Drive, Mascoutah, St. Clair County, Illinois

4. That Defendant, AIRPORT TERMINAL SERVICES, INC. is a Missouri Corporation that provides ticketing and passenger boarding and alighting services at

MidAmerica St. Louis Airport, 9656 Air Terminal Drive, Mascoutah, St. Clair County, Illinois.

5. That on or about March 14, 2016, Plaintiff, JOAN RODNEY was alighting an ALLEGIANT AIR, LLC flight/aircraft at MidAmerica Airport.

## COUNT I
(Common Carrier – ALLEGIANT AIR, LLC)

6. Plaintiff's reallege and restate paragraphs 1 - 5 of the General Allegations as if fully stated herein verbatim.

7. That Defendant, ALLEGIANT AIR, LLC, as a Common Carrier, had a duty to exercise the highest degree of care for the safety of its passengers, including Plaintiff, JOAN RODNEY, in boarding and alighting its airplanes.

8. That at said time and place, Defendant, ALLEGIANT AIR, LLC, by and through its agents, employees, and representatives negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

   (a) Failed to keep the passenger boarding bridge clear and free from tripping hazards;

   (b) Failed to warn Plaintiff and those deplaning of tripping hazards on the passenger boarding bridge;

   (c) Allowed wheel chairs, aisle chairs and other tripping hazards to remain in the walkway of the passenger boarding bridge;

   (d) Failed to properly alight its passengers to a safe location;

   (e) Failed to provide a reasonably safe place for Plaintiff to alight; and,

   (f) Allowed the unsafe practice to become the common practice.

9. That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, ALLEGIANT AIR, LLC, Plaintiff, JOAN RODNEY was caused to fall, and sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, joints, cartilage, tissue of her left leg and knee; injuries to her body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, ALLEGIANT AIR, LLC, in an amount in excess of fifty thousand dollars ($50,000.00), costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT II
(Negligence – ALLEGIANT AIR, LLC)

10. Plaintiff's reallege and restate paragraphs 1 - 5 of the General Allegations as if fully stated herein verbatim.

11. That Defendant, ALLEGIANT AIR, LLC, had a duty to exercise reasonable care in providing boarding and deplaning passenger service, wheelchair and aisle chair service, to protect the safety of passengers alighting its airplanes.

12. That at said time and place, Defendant, ALLEGIANT AIR, LLC, by and through its agents, employees, and representatives negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

(a) Failed to keep the passenger boarding bridge clear and free from tripping hazards;

(b) Failed to warn Plaintiff and those deplaning of tripping hazards on the passenger boarding bridge;

(c) Allowed wheel chairs, aisle chairs and other tripping hazards to remain in the walkway of the passenger boarding bridge;

(d) Failed to properly alight its passengers to a safe location;

(e) Failed to provide a reasonably safe place for Plaintiff to alight; and,

(f) Allowed the unsafe practice to become the common practice.

13. That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, ALLEGIANT AIR, LLC, Plaintiff, JOAN RODNEY was caused to fall, and sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, joints, cartilage, tissue of her left leg and knee; injuries to her body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, ALLEGIANT AIR, LLC, in an amount in excess of fifty thousand dollars ($50,000.00), costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT III
(Negligence – TERMINAL SERVICES, INC.)

14. Plaintiff's reallege and restate paragraphs 1 – 5 of the General Allegations as if fully stated herein verbatim.

15. That Defendant, AIRPORT TERMINAL SERVICES, INC. had a duty to exercise reasonable care in providing boarding and deplaning passenger service, wheelchair and aisle chair service, to protect the safety of passengers alighting airplanes.

16. That at said time and place, Defendant, AIRPORT TERMINAL SERVICES, INC., by and through its agents, employees, and representatives negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to keep the passenger boarding bridge clear and free from tripping hazards;

    (b) Failed to warn Plaintiff and those deplaning of tripping hazards on the passenger boarding bridge;

    (c) Allowed wheel chairs, aisle chairs and other tripping hazards to remain in the walkway of the passenger boarding bridge;

    (d) Failed to properly alight its passengers to a safe location;

    (e) Failed to provide a reasonably safe place for Plaintiff to alight; and,

    (f) Allowed the unsafe practice to become the common practice.

17. That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, AIRPORT TERMINAL SERVICES, INC., Plaintiff, JOAN RODNEY was caused to fall, and sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, joints, cartilage, tissue of her left leg and knee; injuries to her body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant AIRPORT TERMINAL SERVICES, INC., in an amount in excess of fifty thousand dollars ($50,000.00), costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

    Respectfully submitted,

    **KUJAWSKI MARCUS, LLC**

By: /s/ Robert P. Marcus
    **ROBERT P. MARCUS, 6277965**
    1331 Park Plaza Drive, Suite 2
    O'Fallon, Illinois 62269-1764
    Telephone: (618) 622-3600
    Facsimile: (618) 622-3700
    bmarcus@kujawskimarcus.com

    **ATTORNEYS FOR PLAINTIFF**