LJS/DGM/JLS											11530.31

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOAN RODNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:18-cv-01049-JPG-DGW |
| v. ) | |
| ) | Removed from the Circuit Court for the |
| ALLEGIANT AIR, LLC and AIRPORT ) | Twentieth Judicial Circuit, St. Clair County, |
| TERMINAL SERVICES, INC. ) | Illinois |
| ) | |
| Defendants. ) | |
| _____) | |

**DECLARATION OF LINDA SCHNEIDER**
**IN SUPPORT OF DEFENDANTS' AMENDED NOTICE OF REMOVAL**

Linda Schneider, one of the attorneys for Defendants, ALLEGIANT AIR, LLC ("Allegiant") and AIRPORT TERMINAL SERVICES, INC. ("ATS"), in the above captioned matter, based on her investigation and the papers filed to date in this case, hereby provides the following Declaration in support of Defendants' Amended Notice of Removal:

1. I am a partner in the firm of Tressler LLP, counsel for Allegiant and ATS.

2. Allegiant is and was a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. The sole LLC member of Allegiant is Allegiant Travel Company. Allegiant Travel Company is and was a Nevada corporation with its principal place of business in Las Vegas, Nevada.

3. ATS was and is a Missouri corporation with its principal place of business in St. Louis, Missouri, and was and is a citizen of the State of Missouri.

4.  Defendant Allegiant is filing an Amended Federal Rule of Civil Procedure 7.1 Corporate Disclosures for ATS and Allegiant following filing of the Amended Notice of Removal.

5.  On April 2, 2018, I, Linda Schneider, spoke with Plaintiff's counsel, Robert Marcus, and learned that the Plaintiff is alleging injuries to her knee, namely a torn meniscus that required surgical repair, and that Mr. Marcus believed that Plaintiff has incurred approximately $76,000 in medical bills.

6.  On April 30, 2018, Plaintiff's counsel provided copies of medical bills totaling $72,365.51.

7.  Pursuant to 28 U.S.C. § 1446, I have a reasonable and good faith belief that the amount in controversy exceeds the sum of $75,000, exclusive of interests or costs, based on the *ad damnum* in the Complaint, her discussion with and representations made by Plaintiff's counsel as to the amount of the medical bills and the nature of the injury, the bills actually provided to date, the allegations of permanent injury and Defendants' counsel's own experience in cases involving comparable injuries.

8.  Thirty days had not elapsed since I received information about the injuries and medical bills from she could first ascertain that the case is one that is removable because the amount in controversy exceeded $75,000 and, therefore, the requirements of 28 U.S.C. Section 1446(b) have been met.

I declare under penalty of perjury under the laws of the United States and the State of Illinois that the foregoing statements are true and correct.

Dated: May 9, 2018

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Linda J. Schneider_
　　　　　　　　　　　　　　　　　　　　　　　By: One of the attorneys for Airport Terminal Services, Inc. and Allegiant Air, LLC