LJS/#716290                                                          11530-31

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOAN RODNEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:18-cv-01049-JPG-DGW |
| ) | |
| ALLEGIANT AIR, LLC and AIRPORT TERMINAL ) | Removed from the Circuit Court for the |
| SERVICES, INC., ) | Twentieth Judicial Circuit, St. Clair County, |
| ) | Illinois |
|     Defendants. ) | |

**ALLEGIANT AIR, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

The Defendant, ALLEGIANT AIR, LLC ("Allegiant"), by and through its attorneys, Linda J. Schneider and Donald G. Machalinski of TRESSLER LLP, and for its Answer to the Plaintiff JOAN RODNEY'S ("Plaintiff") Complaint at Law, states as follows:

**General Allegations**

1.    That Plaintiff, JOAN RODNEY, was and is a resident and citizen of Madison County, State of Illinois.

**ANSWER:**    Upon information and belief, Allegiant admits the allegations contained in Paragraph 1.

2.    That Defendant, ALLEGIANT AIR, LLC, was and is a foreign limited liability corporation in the state of Nevada, with its principal place of business in Las Vegas, Nevada.

**ANSWER:**    Allegiant admits that it is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada. Allegiant denies any remaining allegations contained in Paragraph 2.

LJS/#716290                                                                                          11530-31

3. That Defendant, ALLEGIANT AIR, LLC, as a Common Carrier, operates flights, ticketing, and passenger boarding and alighting services at MidAmerica St. Louis Airport, 9656 Air Terminal Drive, Mascoutah, St. Clair County, Illinois.

**ANSWER:** Allegiant admits that it is a common carrier operating flights to and from MidAmerica St. Louis Airport, 9656 Air Terminal Drive, Mascoutah, St. Clair County, Illinois ("MidAmerica Airport"), and other destinations, and that passengers board and deplane said flights. Allegiant denies the remaining allegations contained in Paragraph 3.

4. That Defendant, AIRPORT TERMINAL SERVICES, INC. is a Missouri Corporation that provides ticketing and passenger boarding and alighting services at MidAmerica St. Louis Airport, 9656 Air Terminal Drive, Mascoutah, St. Clair County, Illinois.

**ANSWER:** Upon information and belief, Allegiant admits that Airport Terminal Services, Inc. ("ATS") is a Missouri corporation and that ATS provides certain ticketing and passenger boarding and deplaning services at MidAmerica Airport. Allegiant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 4.

5. That on or about March 14, 2016, Plaintiff, JOAN RODNEY was alighting an ALLEGIANT AIR, LLC flight/aircraft at MidAmerica Airport.

**ANSWER:** Allegiant admits that on March 14, 2016 Plaintiff deplaned an Allegiant aircraft / flight at MidAmerica Airport. Allegiant denies any remaining allegations contained in Paragraph 5.

## COUNT I
(Common Carrier - ALLEGIANT AIR, LLC)

6. Plaintiff's [sic] reallege and restate paragraphs 1 - 5 of the General Allegations as if fully stated herein verbatim.

**ANSWER:** Allegiant incorporates its responses to Paragraphs 1 though 5 of the General Allegations, which Plaintiff incorporated into Paragraph 6 of Count I, as if stated in full herein.

    7.    That Defendant, ALLEGIANT AIR, LLC, as a Common Carrier, had a duty to exercise the highest degree of care for the safety of its passengers, including Plaintiff, JOAN RODNEY, in boarding and alighting its airplanes.

**ANSWER:**    Allegiant admits that it is a common carrier. Allegiant admits only those duties imposed by law, but denies that those duties are accurately stated in Paragraph 7 of Count I, and further denies the breach of any duties. Allegiant denies any remaining allegations contained in Paragraph 7 of Count I.

    8.    That at said time and place, Defendant, ALLEGIANT AIR. LLC, by and through its agents, employees, and representatives negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a)    Failed to keep the passenger boarding bridge clear and free from tripping hazards;

    (b)    Failed to warn Plaintiff and those deplaning of tripping hazards on the passenger boarding bridge;

    (c)    Allowed wheel chairs, aisle chairs and other tripping hazards to remain in the walkway of the passenger boarding bridge;

    (d)    Failed to properly alight its passengers to a safe location;

    (e)    Failed to provide a reasonably safe place for Plaintiff to alight; and,

    (f)    Allowed the unsafe practice to become the common practice.

**ANSWER:**    Allegiant denies the allegations contained in Paragraph 8 of Count I, subparagraphs (a) – (f) inclusive.

    9.    That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, ALLEGIANT AIR, LLC, Plaintiff, JOAN RODNEY was caused to fall, and sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments,

LJS/#716290 11530-31

nerves, soft tissues, joints, cartilage, tissue of her left leg and knee; injuries to her body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 9 of Count.

WHEREFORE, the allegations contained in the unnumbered paragraph of Count I, beginning "WHEREFORE, Plaintiff prays for judgment," constitute legal conclusions to which no response is necessary. To the extent that a response is necessary, Allegiant denies that Plaintiff is entitled to the judgment and relief requested in Count I and requests that the Court dismiss with prejudice and with costs the claims asserted against Allegiant, and for such other relief as this Court deems appropriate.

### COUNT II
(Negligence - ALLEGIANT AIR, LLC)

10. Plaintiff's [sic] reallege and restate paragraphs 1 - 5 of the General Allegations as if fully stated herein verbatim.

**ANSWER:** Allegiant incorporates its responses to Paragraphs 1 though 5 of the General Allegations, which Plaintiff incorporated into Paragraph 10 of Count II, as if stated in full herein.

11. That Defendant, ALLEGIANT AIR, LLC, had a duty to exercise reasonable care in providing boarding and deplaning passenger service, wheelchair and aisle chair service, to protect the safety of passengers alighting its airplanes.

**ANSWER:** Allegiant admits that it owed certain duties to its passengers. Allegiant admits only those duties imposed by law, but denies that those duties are accurately stated in Paragraph 11 of Count II, and further denies the breach of any duties. Allegiant denies any remaining allegations contained in Paragraph 11 of Count II.

12. That at said time and place, Defendant, ALLEGIANT AIR, LLC, by and through its agents, employees, and representatives negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

(a) Failed to keep the passenger boarding bridge clear and free from tripping hazards;

(b) Failed to warn Plaintiff and those deplaning of tripping hazards on the passenger boarding bridge;

(c) Allowed wheel chairs, aisle chairs and other tripping hazards to remain in the walkway of the passenger boarding bridge;

(d) Failed to properly alight its passengers to a safe location;

(e) Failed to provide a reasonably safe place for Plaintiff to alight; and,

(f) Allowed the unsafe practice to become the common practice.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 12 of Count II, subparagraphs (a) – (f) inclusive.

13. That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, ALLEGIANT AIR, LLC, Plaintiff, JOAN RODNEY was caused to fall, and sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments,

nerves, soft tissues, joints, cartilage, tissue of her left leg and knee; injuries to her body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 13 of Count II.

WHEREFORE, the allegations contained in the unnumbered paragraph of Count II, beginning "WHEREFORE, Plaintiff prays for judgment," constitute legal conclusions to which no response is necessary. To the extent that a response is necessary, Allegiant denies that Plaintiff is entitled to the judgment and relief requested in Count II and requests that the Court dismiss with prejudice and with costs the claims asserted against Allegiant, and for such other relief as this Court deems appropriate.

**COUNT III**
(Negligence – [sic] TERMINAL SERVICES, INC.)

14. Plaintiff's [sic] reallege and restate paragraphs 1 - 5 of the General Allegations as if fully stated herein verbatim.

**ANSWER:** Allegiant incorporates its responses to Paragraphs 1 though 5 of the General Allegations, which Plaintiff incorporated into Paragraph 14 of Count III, as if stated in full herein.

15. That Defendant, AIRPORT TERMINAL SERVICES, INC. had a duty to exercise reasonable care in providing boarding and deplaning passenger service, wheelchair and aisle chair service, to protect the safety of passengers alighting airplanes.

**ANSWER:** The allegations contained in Paragraph 15 of Count III pertain to a party other than Allegiant and therefore no response is required. To the extent that a response is required, Allegiant denies any allegations directed to Allegiant.

16. That at said time and place, Defendant, AIRPORT TERMINAL SERVICES, INC., by and through its agents, employees, and representatives negligently and carelessly committed one or more of the following negligent acts or omissions to wit;

  (a) Failed to keep the passenger boarding bridge clear and free from tripping hazards;

  (b) Failed to warn Plaintiff and those deplaning of tripping hazards on the passenger boarding bridge;

  (c) Allowed wheel chairs, aisle chairs and other tripping hazards to remain in the walkway of the passenger boarding bridge;

  (d) Failed to properly alight its passengers to a safe location;

  (e) Failed to provide a reasonably safe place for Plaintiff to alight; and,

  (f) Allowed the unsafe practice to become the common practice.

**ANSWER:** The allegations contained in Paragraph 16 of Count III, subparagraphs (a) – (f) inclusive, pertain to a party other than Allegiant and therefore no response is required. To the extent that a response is required, Allegiant denies any allegations directed to Allegiant.

17. That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, AIRPORT TERMINAL SERVICES, INC., Plaintiff, JOAN RODNEY was caused to fall, and sustain severe and permanent injuries to wit: injuries to the muscles,

tendons, ligaments, nerves, soft tissues, joints, cartilage, tissue of her left leg and knee; injuries to her body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

**ANSWER:** The allegations contained in Paragraph 17 of Count III pertain to a party other than Allegiant and therefore no response is required. To the extent that a response is required, Allegiant denies any allegations directed to Allegiant.

WHEREFORE, the allegations contained in the unnumbered paragraph of Count III, beginning "WHEREFORE, Plaintiff prays for judgment," pertain to a party other than Allegiant and constitute legal conclusions to which no response is necessary, and therefore do not require a response from Allegiant. To the extent that a response is necessary, Allegiant denies that Plaintiff is entitled to the judgment and relief requested in Count III and requests that the Court dismiss with prejudice and costs the claims asserted against Allegiant, and for such other relief as the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

The Defendant, ALLEGIANT AIR, LLC ("Allegiant"), by and through its attorneys, Linda J. Schneider and Donald G. Machalinski of TRESSLER LLP, and for its affirmative defenses to the Plaintiff JOAN RODNEY'S ("Plaintiff") Complaint at Law, states as follows:

LJS/#716290     11530-31

## FIRST AFFIRMATIVE DEFENSE

1. The negligence of the Plaintiff proximately caused the accident alleged and the injuries and damages alleged. Plaintiff had a duty to exercise due care and caution for her own safety and the breach of said duty proximately caused the alleged injuries.

2. Notwithstanding said duty, and in breach thereof, Plaintiff was guilty of one or more of the following acts or omissions of negligence, misconduct, or fault:

   a) Failed to keep and maintain a proper and sufficient lookout as to where she was walking;

   b) Failed to use due care and caution in deplaning the aircraft and walking through the jet bridge and near open and obvious conditions, including aisle chairs and/or wheelchairs located in the jet bridge for use in assisting passengers in deplaning and/or traveling through the jet bridge;

   c) Failed to notify anyone that she required assistance in deplaning the aircraft and walking in the jet bridge;

   d) Deplaned the aircraft and walked in the jet bridge when she knew that she would have difficulty doing so;

   e) Failed to avoid open and obvious conditions, including equipment such as aisle chairs and/or wheelchairs located in the jet bridge for use in assisting passengers in deplaning and/or traveling through the jet bridge;

   f) Was otherwise careless and negligent.

3. One or more of the aforementioned acts or omissions of negligence on the part of the Plaintiff was a proximate cause of the Plaintiff's injuries and damages alleged in Plaintiff's Complaint.

4. The fault of the Plaintiff was the sole proximate cause of the Plaintiff's injuries and damages as alleged in the Complaint, and therefore the Plaintiff is barred from any recovery whatsoever.

LJS/#716290                                                                                              11530-31

5.  In the alternative, if the contributory fault of the Plaintiff is greater than 50% of the proximate cause of the injuries or damages for which recovery is sought and therefore, the Plaintiff should be barred from recovery pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

6.  In the alternative, if the Plaintiff's contributory fault is less than or equal to 50% of the proximate cause of the injuries or damages for which recovery is sought, then any recovery awarded to the Plaintiff must be reduced by the Plaintiff's percentage of contributory fault pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

1.  At all times relevant, there was in full force and effect a certain statute known as 735 ILCS 5/2-1117, providing for joint and several liability.

2.  That immediately before and during the incident referred to in the Plaintiff's Complaint, Plaintiff was guilty of one or more of the following acts or omissions of negligence, misconduct, or fault:

    a) Failed to keep and maintain a proper and sufficient lookout as to where she was walking;

    b) Failed to use due care and caution in deplaning the aircraft and walking through the jet bridge and near open and obvious conditions including aisle chairs and/or wheelchairs located in the jet bridge for use in assisting passengers in deplaning and/or traveling through the jet bridge;

    c) Failed to notify anyone that she required assistance in deplaning the aircraft and walking in the jet bridge;

    d) Deplaned the aircraft and walked in the jet bridge when she knew that she would have difficulty doing so;

    e) Failed to avoid open and obvious conditions, including equipment such as aisle chairs and/or wheelchairs located in the jet bridge for use in assisting passengers in deplaning and/or traveling through the jet bridge;

    f) Was otherwise careless and negligent.

4. Allegiant is less than 25% at fault for the Plaintiff's alleged injuries, and therefore shall only be severally liable for that portion of the Plaintiff's alleged damages.

### THIRD AFFIRMATIVE DEFENSE

1. Prior to and at the time of the occurrence complained of in the Plaintiff's Complaint, Plaintiff knew or reasonably should have known of and observed the allegedly unsafe and/or hazardous condition described in her Complaint.

2. Notwithstanding this knowledge and in appreciation of the risk, the Plaintiff nonetheless failed to request assistance and chose to walk near and into the allegedly unsafe and/or hazardous condition described in her Complaint.

3. As a result of the foregoing, the Plaintiff caused, in whole or in part, her own damages by assuming the risk of injury and damage by voluntarily and unreasonably failing to avoid and choosing to walk near and into the allegedly unsafe and/or hazardous condition described in her Complaint.

4. That as a direct and proximate result of the Plaintiff's assumption of the risk, the Plaintiff sustained the alleged injuries and damages for which she seeks relief in her Complaint.

5. The Plaintiff's assumption of the risk exceeds fifty percent (50%) of the proximate cause of her injuries and damages, thereby barring her recovery in this matter pursuant to section 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

6. In the alternative, to the extent that the trier of fact finds that the Plaintiff's assumption of the risk was fifty percent (50%) or less of the proximate cause of her injuries and damages, then if any judgment is rendered in favor of the Plaintiff, such judgment must be reduced by the percentage of fault attributable to the Plaintiff's assumption of the risk.

**FOURTH AFFIRMATIVE DEFENSE**

1. The condition which the Plaintiff alleges caused injury and damage was open and obvious.

2. Notwithstanding this knowledge, the Plaintiff nonetheless chose to walk on the unsafe and/or hazardous condition.

3. As a result, the Plaintiff is not entitled to any recovery in any amount whatsoever.

**FIFTH AFFIRMATIVE DEFENSE**

1. If the Plaintiff suffered damages as a result of the conditions alleged in her Complaint, then these damages were not sustained as a result of any conduct of Allegiant but rather were the result of the intervening or superseding actions or omissions of others, including the Plaintiff and/or others either before or not before this Court, for which acts or omissions Allegiant can in no way be held liable.

2. Therefore, Allegiant is not liable for the Plaintiff's alleged injuries and damages.

3. In the alternative, Allegiant is less than 25% at fault for the Plaintiff's alleged injuries and, therefore, shall only be severally liable for that portion of the Plaintiff's alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

LJS/#716290                                                                 11530-31

1.      Plaintiff filed a personal injury lawsuit against Defendant ATS. Allegiant answered the Complaint denying its operative allegations.

2.      Pursuant to the Joint Tortfeasor Contribution Act 740 ILCS 10/2, in the event any party settles separately with the Plaintiff, Allegiant will be entitled to set off the amount of such settlement against any judgment entered against it herein in that the settlement will have been paid for the same injury for which the Plaintiff seeks recovery.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff alleges that services, or lack of services, provided by Allegiant caused her injuries and damages. The Airline Deregulation Act ("ADA") expressly preempts state enactment or enforcement of any "law, regulation, or other provision having the force and effect of law related to a price, route, or *service* or any air carrier…." 49 U.S.C. §41713(b)(1) (emphasis added). Passenger service and handling constitute airline services as contemplated for purposes of the ADA.

### RESERVATION OF RIGHT TO AMEND AND SUPPLEMENT AFFIRMATIVE DEFENSES

Allegiant reserves the right to amend and/or to supplement its affirmative defenses upon discovery of further information, in accordance with all applicable rules.

WHEREFORE, Allegiant prays for judgment in its favor against Plaintiff or, in the alternative, if the trier of fact finds in favor of Plaintiff on the issue of liability, then Allegiant prays that any award of damages to the Plaintiff be reduced by the percentage of negligence attributable to the Plaintiff as the cause of the injuries, or that Plaintiff be barred from recovery as a matter of law.

### DEMAND FOR JURY TRIAL

LJS/#716290                                                                                                                                  11530-31

      Allegiant demands a trial by jury of all claims triable as of right by jury.

                                       ALLEGIANT AIR, LLC


                                       By:   */s/ Linda J. Schneider*
                                                        One of Its Attorneys

Attorneys for Allegiant Air, LLC
Linda J. Schneider *pro hac vice*
Donald G. Machalinski *pro hac vice*
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
(312) 627-4000
(312) 627-4202 Direct dial
Fax: (312) 627-1717
lschneider@tresslerllp.com
dmachalinski@tresslerllp.com

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

LINDA J. SCHNEIDER, being first duly sworn on oaths, deposes and says:

1. That she is one of the attorneys for Defendant, ALLEGIANT AIR, LLC, on whose behalf an Answer to Plaintiffs' Complaint was prepared;

2. That the Answer contains certain statements claiming lack of information sufficient to form a belief as to the truth of the allegations contained in the Complaint; and

3. That I declare under penalty of perjury that the foregoing is true and correct.

Dated:    May 9, 2018

                                                        */s/Linda J. Schneider*
                                                         Linda J. Schneider